**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT BELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:11-cv-91 SNLJ** |
| | ) | |
| **BILL STANGE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM**

Plaintiff, a prisoner at South Central Correctional Center ("SCCC") in Licking, Missouri, filed this 42 U.S.C. § 1983 lawsuit alleging violations of his constitutional rights against defendants Bill Stange, Jeff Norman, Rodney Owens, Geoffrey Wohlferd, and John Roach on May 24, 2011. At the time plaintiff filed his complaint, he was an inmate at Southeast Correctional Center ("SECC"), and the events complained of in the complaint took place at SECC. The defendants have moved to dismiss, or, in the alternative, for summary judgment (#13), and plaintiff has responded.

Plaintiff alleges that he suffers from arthritis in his ankles, anxiety and depression and that, as a result of these conditions, he has been given a doctor's order stating that he should not stand in place for prolonged periods of time. Plaintiff alleges that each month for the past eight months, defendants have made plaintiff stand in line for thirty minutes or more with other inmates to access SECC's canteen. Plaintiff alleges that he has shown defendants the doctor's orders instructing him not to stand for prolonged periods of time, but that the defendants informed him that he could sit on the ground if he did not wish to stand. Plaintiff claims that the guards' actions constitute deliberate indifference to his serious medical needs.

Plaintiff also claims that he has filed a lawsuit in the Circuit Court of St. Francois County, Missouri for inadequate access to the SECC library, naming as defendants Officers Wohlferd and Roach. Plaintiff alleges that defendants' refusal to "honor" his doctor's orders against prolonged standing are in retaliation for filing grievances and the lawsuit described above.

## I.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the  nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

## II.    Discussion

The Prison Litigation Reform Act of 1996 ("PLRA") "requires immediate dismissal of all claims brought by inmates with respect to prison conditions . . . under 42 U.S.C. § 1983...until 'such administrative remedies as are available are exhausted." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing 42 U.S.C. § 1997e(a)). The Missouri Department of Corrections ("MDOC") has developed an administrative grievance procedure for inmates to internally grieve

complaints against MDOC and its staff; the procedure requires that the inmate file an informal resolution request ("IRR"), an inmate grievance, and, finally, an inmate grievance appeal. *See Foulk v. Charrier*, 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Corr. Med. Serv.*, 345 F. Supp. 2d 1018, 1022-23 (E.D. Mo. 2004). Not only is the inmate required to exhaust the administrative remedies available to him under PLRA, but he is required to properly exhaust those administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Plaintiff's complaint ultimately fails because he failed to exhaust his administrative remedies prior to initiating his lawsuit, as required by 42 U.S.C. § 1997e(a).

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). In support of this argument, defendant has provided the Court with affidavits supporting that plaintiff filed one IRR (the first step to exhausting his administrative remedies) related to his claims in this matter *before* he filed this lawsuit, on April 14, 2011, and two IRRs *after* he filed this lawsuit, both in June 2011. Clearly, the two June 2011 IRRs could not have been exhausted before plaintiff filed this complaint on May 24, 2011. As for the April 14 IRR, plaintiff received a response on May 13 and filed an Offender Grievance (step two) on May 24. Plaintiff received a response to the grievance on June 24, and plaintiff then filed an Offender Grievance Appeal (step three) on July 29. As of September 23, plaintiff had not received a response to the appeal.[1] Regardless, it is clear that

---

[1]Plaintiff does not appear to have received responses to two offender grievances or the offender grievance appeal. Because plaintiff was transferred from SECC to SCCC sometime in July 2011, the Court suspects that his prison transfer is the reason the administrators had not yet responded to his grievances/appeal.

"exhaustion was not completed at the time of filing," and, as a result, "dismissal is mandatory." *Id.*

The Court notes that it has relied on materials outside the pleadings in coming to its conclusion that plaintiff has not exhausted his administrative remedies. As a result, the Court was required to treat defendants' motion as a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 12(d), the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Here, plaintiff responded to the defendants' motion, which clearly states that it is a motion for summary judgment, and he has been afforded ample time to file additional materials since defendants filed their reply memorandum on September 23.

Plaintiff's complaint will be dismissed.


Dated this  8th  day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE